IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| LEXINGTON INSURANCE COMPANY | § | |
| | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:20-cv-00029 |
| | § | |
| | § | |
| JORN WELL SERVICE, LLC | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES JUDGE:

Plaintiff, LEXINGTON INSURANCE COMPANY, files its Original Complaint, complaining of Defendant JORN WELL SERVICE, LLC.

## I. PARTIES

1.1     Plaintiff, LEXINGTON INSURANCE COMPANY ("Lexington") is a foreign insurance company doing business in the State of Texas.

1.2     Defendant, JORN WELL SERVICE, LLC ("Jorn") is a domestic corporation doing business in Texas.

## II. JURISDICTION

2.1     Pursuant to 28 U.S.C. § 1332, this United States District Court has jurisdiction of this action, since it is between citizens and corporations of different States and the matter in controversy exceeds the sum or value of $75,000.  In particular:

a.      Lexington is a Delaware corporation, with its principal place of business in New York.

b.      Jorn is a Texas corporation, with its principal place of business in Texas.

### III.  VENUE

3.1     Venue is proper in this district and division pursuant to 28 U.S.C § 1391(a)(2) as the district and division in which a substantial part of the events or omissions occurred.

### IV.  BACKGROUND FACTS

4.1     On or about August 4, 2019, Jorn was performing work at Centennial Resource Doc Hudson pad in Reeves County, Texas.  Jorn's employee was operating a vacuum truck and was pulling down production fluid from a frac tank to haul off location.  The vacuum truck was not grounded out and the tank was not vented.  During the process, an explosion occurred. As a result of the ensuing fire, nearby equipment owned by Catapult Energy Services Group, LLC ("Catapult") was damaged.

4.2     Lexington carried a policy of insurance issued to Catapult providing coverage for property damage.  By virtue of Lexington's payments to Catapult under the policy for its property damage sustained in the fire the subject of this lawsuit, Lexington is subrogated to any claim which Catapult has against any third-party as the result of the third-party's legal liability. By virtue of Lexington's payment, it has become the *pro tanto* owner of the property damage claim against Jorn.  *See Thoreson v. Thompson*, 431 S.W.2d 341, 347 (Tex. 1968).

### V.  CAUSES OF ACTION

5.1     Jorn owed a duty to Catapult to safely pull down production fluid from the frac tank.  Jorn's improper loading procedures, including its failure to ground the truck and vent the tank, breached its duty to Catapult, and proximately caused the explosion.  This breach of this duty of ordinary prudence constituted negligence, for which Jorn is liable.

5.2     Pleading further, Jorn is liable for gross negligence.  The acts or omissions of Jorn or its employee, which when viewed objectively from standpoint of Jorn or its employee at the

time of its occurrence involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and of which Jorn or Jorn's employee had actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety or welfare of others.

## VI.  DAMAGES

6.1     As a result of the accident, Catapult suffered actual damages of at least $228,750.

## VII. PRAYER

7.1     WHEREFORE, Lexington prays that on final trial or hearing, Lexington recover actual damages from Jorn, plus prejudgment and post-judgment interest, costs of Court, and such other and further relief to which Lexington may show itself justly entitled.

Respectfully submitted,

KELLY, SMITH & SCHMIDT, P.C.

*/s/ Loren R. Smith*
Loren R. Smith
State Bar No. 18643800
4305 Yoakum Boulevard
Houston, Texas 77006
(713) 861-9900
Facsimile:  (713) 861-7100
smith@kellysmithpc.com
ATTORNEYS FOR PLAINTIFF LEXINGTON
INSURANCE COMPANY